## GIMÉNEZ *v.* LA CORTE DE DISTRITO DE SAN JUAN.

### SOLICITUD para que se expida mandamiento de *certiorari*.

No. 17. Resuelto en Octubre 26, 1905.

CERTIORARI.—CASOS EN QUE EL PETICIONARIO NO FUERE PARTE EN EL PLEITO PRINCIPAL.—Solamente en casos muy extraordinarios procederá el libramiento de un auto de *certiorari* á petición de una persona que no ha sido parte en el pleito cuya revisión pretenda.

ID.—APELACIÓN.—La apelación es el recurso adecuado para corregir errores en un juicio ordinario, y cuando se aleguen nulidades ó defectos que no se hayan podido corregir en el mismo, por no ser parte en él la persona perjudicada, debe ejercitarse la acción que proceda con arreglo á derecho.

ID.—RECURSO ORDINARIO.—El auto de certiorari no procede cuando hubiere otro recurso ordinario.

ID.—ACTOS EJECUTADOS POR UN MARSHAL.—El Tribunal Supremo no puede revisar en un procedimiento de certiorari los actos ejecutados por un marshal, si no fueren parte de los autos del caso.

ID.—DEBIDA DILIGENCIA.—Para que una persona perjudicada pueda acogerse á los beneficios del auto de certiorari debe mostrar que ha ejercido debida diligencia y que no puede obtener remedio adecuado en el procedimiento ordinario.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr Torres Monge.*

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del tribunal.

La presente es una solicitud pidiendo un auto de *certiorari* deducida por don Heraclio Giménez, y, en síntesis, expone:

Que en el pleito seguido ante la Corte de este Distrito en cobro de pesos por daños y perjuicios entre don José Olmedo y Gregorio Rodríguez se libró mandamiento de ejecución y se embargó una finca rústica de la propiedad de el peticionario que no ha sido parte en ese juicio, y por consiguiente, que no ha sido oído y vencido como manda la ley, pues si bien el promovente fué fiador del demandado Gregorio Rodríguez, esa fianza nada tiene que ver con ese pleito, y en la sentencia que se dictó en nada se obliga á dicho Giménez. Que se pidió oportunamente que se reconsiderase y anulase la órden de embargo y en Corte abierta se negó tal pretensión. Que Gonzalo Torres remató la finca por cantidad de 400 dollars á pesar de la tercería que ante el marshal interpuso el peticionario Giménez y que la finca posteriormente se ha vendido por el rematista Torres á don Eugenio Malpica causándole èsto graves perjuicios, toda vez que se le despoja de su propiedad.

Y para corregir esos procedimientos, toda vez que por no haber sido parte en el pleito no puede apelar de la sentencia que en él recayó, solicita este auto de *certiorari.*

Pero si los procedimientos de la Corte inferior son nulos y de ningún valor, nadie que compre bajo ejecución puede adquirir título y es indudablemente que tiene el promovente remedio en el curso ordinario de la ley para reivindicar su propiedad.

Por otra parte, este tribunal sólo en casos muy excepcionales puede revisar los procedimientos de un pleito en que no fué parte el que promueve el auto de *certiorari.*

El modo adecuado de corregir errores en un juicio ordinario es por el recurso de apelación y cuando, como en el presente caso, se alegan nulidades ó defectos que no se han podido corregir en el mismo juicio por no ser en él parte, debe ejercitarse la acción ordinaria que proceda para reivindicar su propiedad sin esperar el auxilio de esta Corte Suprema.

No aparece de su solicitud que el acto ilegal del marshal sea parte del récord, y si no lo es, tampoco podría esta Corte, por el medio ejercitado, revisar los procedimientos. Además, la ley también concede al peticionario remedio propio contra dicho marshal si ha procedido violando la ley.

Resumiendo lo anteriormente expuesto: "Para que una persona perjudicada pueda tener el derecho al beneficio de este auto, debe mostrar que ha sido diligente ó que no puede obtener un remedio adecuado en el curso ordinario de la ley."

Con esas palabras concluía la opinión del Hon. Juez Wolf en el caso de Clotilde Delgado con Leopoldo Cabassa y en ese como en el de Arsenio L. Arpin contra el juez Ramos se desarrolló y sostuvo por esta Corte Suprema la doctrina que aquí también se ha consignado.

Por todo lo expuesto, debe denegarse la petición del auto de *certiorari.*

*Denegada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.